10-2454-ag
He v. Holder

BIA
A077 354 042

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 13th day of June, two thousand twelve.

PRESENT:  ROSEMARY S. POOLER,
           RICHARD C. WESLEY,
           PETER W. HALL,
              *Circuit Judges.*

_____

REN RONG HE,

                *Petitioner*,

    -v.-                            10-2454-ag
                                     NAC

ERIC H. HOLDER, JR.,
United States Attorney General,

                *Respondent*.

_____

FOR PETITIONER:        Robert J. Adinolfi, New York, N.Y.

FOR RESPONDENT:       Tony West, Assistant Attorney General; William C. Peachey, Assistant Director; Ada E. Bosque, Senior Litigation Counsel; Geoffrey Forney, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Ren Rong He, a native and citizen of the People's Republic of China, seeks review of a May 25, 2010, order of the BIA denying his motion to reopen. *In re Ren Rong He*, No. A077 354 042 (B.I.A. May 25, 2010). We assume the parties' familiarity with the underlying facts, procedural history, and issues presented in this case.

We review for abuse of discretion the fact-finding that supports a denial of a motion to reopen. *Luna v. Holder*, 637 F.3d 85, 103, No. 07-3796-ag, 2011 WL 722607, at *17 (2d Cir. 2011). In May 2010, He moved to reopen proceedings with the BIA, based on changed country conditions. For such motions, there is no time or numerical limitation if the alien establishes materially "changed country conditions arising in the country of nationality." 8 U.S.C. § 1229a(c)(7)(C)(ii). The BIA must consider "relevant evidence of country conditions," and when it does, "we review the BIA's fact-finding only for substantial evidence." *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).

He, a Catholic and father of three United States citizens, claimed that country conditions in China had changed in two material ways: (1) greater likelihood of sterilization and large fines for parents of three foreign-born children; and (2) greater persecution of practicing Catholics.

First, substantial evidence supports the BIA's finding that He failed to demonstrate a reasonable possibility that national or local enforcement policies would subject him to forced sterilization on removal to China. Moreover, the BIA did not abuse its discretion in declining to credit two purported Fujian Regulations submitted without authentication by He, based on legitimate concerns about He's credibility. *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 148 (2d Cir. 2007). Nor did the BIA abuse its discretion in rejecting He's claim of economic persecution based on those purported regulations.

Second, substantial evidence supports the BIA's finding that He failed to establish material changed country conditions with respect to the Chinese government's treatment of practicing Catholics. As the BIA noted, the 2009 State Department Religious Freedom Report for China ("Report") states that China allows the practice of Christianity, although some members of unsanctioned Christian churches reportedly have been detained and harassed. However, the Report also notes that "[i]n some places, government supervision of unsanctioned religious activity is minimal." Absent reliable and objective evidence specific to He's circumstances, He has not demonstrated a reasonable possibility that he would be persecuted because of his religion.

Lastly, the BIA did not err in declining to discuss three unpublished decisions that He submitted because unpublished BIA decisions are not binding and lack precedential weight. *See* 8 C.F.R. § 1003.1(g).

2

For the foregoing reasons, the petition for review is DENIED.  He's motion for a stay of removal is DENIED as moot.

<div style="margin-left:45%">

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

</div>